UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-00055-TBR-LLK

**NATHAN DURBIN**                                                                                   **PLAINTIFF**

**V.**

**MARQUETTE TRANSPORTATION
COMPANY, LLC**                                                                                       **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Before the Court are two motions: Defendant's Motion for Partial Summary Judgment Regarding Unseaworthiness, [DN 26], and Defendant's Motion for Partial Summary Judgment Dismissing the Claim for Maintenance and Cure, or, Alternatively, to Dismiss his Claim for Attorneys' Fees, [DN 27]. Both motions are fully briefed and ripe for adjudication. For the reasons stated below: Defendant's Motion for Partial Summary Judgment Regarding Unseaworthiness, [DN 26], is **DENIED**. Defendant's Motion for Partial Summary Judgment Dismissing the Claim for Maintenance and Cure, or, Alternatively, to Dismiss his Claim for Attorneys' Fees, [DN 27], is **GRANTED IN PART AND DENIED IN PART**.

   **I.   Background**

Defendant Nathan Durbin brought this action under the Jones Act, 26 U.S.C. § 30104 for negligence, and under general maritime law for unseaworthiness and for maintenance and cure. [DN 1]. Durbin claims that on November 26, 2015, while working as an employee of Marquette Transportation Company, LLC ("Marquette"), he was "required to navigate an unreasonably slippery, snowy, non-skid and ice melt deprived deck, without any assistive traction boot attachments when because of said failure to provide a safe place to work and seaworthy vessel he

1

was injured." *Id.* Throughout the summary judgment motions and related filings, the undisputed factual account that emerges is that Durbin sustained an injury to his back when he slipped and fell at work in 2015, and since that time, Durbin has sought and received medical treatment due to the back injury. Durbin claims that Marquette's actions caused or contributed to his damages, including, but not limited to, pain and suffering, loss of earnings and earnings capacity, and various types of medical expenses. *Id.* Marquette has filed separate motions for partial summary judgment on (1) Durbin's claim of unseaworthiness [DN 26], and (2) Durbin's claim for maintenance and cure [DN 27].[1] Durbin responded to the motions, and Marquette replied to those responses. Accordingly, the motions are ripe for adjudication. The Court addresses each motion in turn.

## II. Motion for Partial Summary Judgment Regarding Unseaworthiness

In its motion for partial summary judgment regarding unseaworthiness, Marquette summarizes the relevant facts as follows:

> At the time of the accident, Mr. Durbin was employed by Marquette as a seaman and assigned to work as a senior deckhand aboard Marquette's towboat, the M/V SHOW ME STATE. On November 26, 2015, Mr. Durbin stepped from the deck of the SHOW ME STATE to the deck of barge AGS-169, which was in the tow of the SHOW ME STATE. Mr. Durbin slipped on snow that was on the deck of the barge and fell onto the deck of the towboat causing his alleged injuries. The barge on which he slipped was a "dumb" or unmanned barge to which no crew was assigned and that was not owed by Marquette. Over two years later, Mr. Durbin filed suit against Marquette asserting negligence under the Jones Act, unseaworthiness, and seeking maintenance and cure. Mr. Durbin asserts that the AGS-169 was unseaworthy due to the presence of ice or snow.

[DN 26-1 at 1-2] (citing DN 1, Complaint). Marquette argues that (1) Marquette cannot be held liable for any alleged unseaworthiness of the barge on which Durbin slipped, and (2) even if Marquette could be held liable for the alleged unseaworthiness of the barge, the barge was not

---

[1] Neither Marquette nor Durbin has moved for summary judgment as to the negligence claim.

unseaworthy as a matter of law. *Id.* In response, Durbin argues that he has not pled a cause of action based on the unseaworthiness of the barge, but rather, his unseaworthiness claim is based on the unseaworthiness of the towboat, the M/V Show Me State. [DN 30]. As Marquette puts it, "Plaintiff's Response to Marquette's Motion clarifies that his unseaworthiness claim against Marquette relates to *only* the M/V SHOW ME STATE." [DN 31 at 2] (emphasis in original).

Marquette argues that even though Durbin has explicitly stated he is not asserting a claim for the unseaworthiness of the barge, the Court should still grant summary judgment on its motion addressing the unseaworthiness of the barge. *Id.* The Court disagrees. It is nonsensical for this Court to grant summary judgment on a claim that Plaintiff has not alleged. Further, Marquette has provided no legal authority to support its position that the Court should grant summary judgment anyway. Marquette only says that "Plaintiff does not dispute that he has no claim against the barge . . . as a matter of law." *Id.* at 2. Still, the Court is not persuaded that it is appropriate to grant summary judgment on a claim that is not part of this action. Thus, the Court denies Marquette's Motion for Partial Summary Judgment Regarding Unseaworthiness, DN 26. The Court notes, however, that Durbin has waived his claim for unseaworthiness of the barge, and he is barred from later raising that claim in this action.

### III. Motion for Partial Summary Judgment on Maintenance and Cure/Attorneys' Fees

Marquette also moves for partial summary judgment on Durbin's claim for maintenance and cure. [DN 27]. Marquette requests that the Court (1) dismiss Durbin's claim for maintenance and cure, or, alternatively, (2) dismiss Durbin's claim for attorneys' fees for failure to pay maintenance and cure. *Id.*

3

### a. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) sets forth the summary judgment standard: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate only when the evidence, taken in the light most favorable to the nonmoving party, establishes that there is no genuine issue as to any material facts and the movant is entitled to judgment as a matter of law." *Good v. BioLife Plasma Services, L.P.*, 834 F. App'x 188, 193 (6th Cir. 2020) (quoting *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012)). "A genuine issue of material fact exists when there are 'disputes over facts that might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Summary judgment is not proper 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case." *Davis v. Mich. Dep't of Corr.*, No. 19-2264, 2020 WL 6364583, at *1 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment." *Id.* (citing *Anderson*, 477 U.S. at 248-49). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Bethel v. Jenkins*, No. 19-3392, 2021 WL 728315, at *3 (6th Cir. Feb. 25, 2021) (quoting *Anderson*, 477 U.S. at 249) (brackets in original).

### b. Arguments

Marquette sets forth the facts relevant to Durbin's claim for maintenance and cure as follows. First, Marquette states that Durbin first injured his back at work in November 2015. [DN 27 at 1]. Marquette says that Durbin reached maximum medical improvement (MMI) as to that injury in July 2016. *Id.* Marquette then states that Durbin allegedly re-injured his back while at work in May 2017 but was again declared to have reached maximum medical improvement as to that injury in September 2017. *Id.* at 1-2; 4. Durbin was terminated from Marquette in November 2017. *Id.* at 2. Marquette says that it provided maintenance and cure for the injury in November 2015 and for the injury in May 2017. *Id.* at 4-5. Marquette says that after Durbin was terminated, it heard nothing more from him until it was served with the instant lawsuit. *Id.* at 2. However, Marquette says that during discovery, it learned that Durbin began treatment for chronic low back pain in February 2018, and Durbin ultimately underwent a surgery. *Id.*

Marquette argues that it is not liable for reinstatement of maintenance and cure. *Id.* at 6. Such reinstatement, it argues, is only required if "(1) there was conflicting medical evidence regarding whether maximum medical cure was reach in the first instance or (2) maximum medical cure was reached, but a new method of treatment or cure has been discovered." *Id.* at 7 (citing *Farrell v. United States*, 336 U.S. 511, 519 (1949); *Vassos v. Soc. Trans-Oceanic Canopus, S.A.*, 205 F. Supp. 845, 846 (S.D.N.Y. 1959)). Marquette argues that there was no dispute as to whether Durbin had reached maximum medical cure when he was treated for the injuries in 2015 and 2017, so Marquette cannot be liable under the first prong. *Id.* at 9 ("On both occasions, he was unequivocally declared to have reached maximum medical improvement by his treating doctors and returned to full, unrestricted duty. No doctor has offered a different opinion."). Further, Marquette argues that none of the treatment Durbin has received since

February 2018 constitute newly discovered methods of treatment or cure, so it cannot be liable under the second prong either. *Id.* at 5-6. Marquette also argues that it cannot be liable for any subsequent flare-ups of Durbin's earlier back injuries. *Id.* at 8 ("Courts generally are reluctant to hold an employer liable for 'subsequent flare-ups' of an incurable disease or injury.").

Marquette argues in the alternative that "[e]ven if this Court determines that maintenance and cure are owed, there is no factual or legal basis for an award of attorneys' fees in this case." *Id.* at 10. Marquette says it should not be held liable for attorneys' fees incurred by Durbin in pursuing this maintenance and cure claim because its failure to pay is reasonable.

Durbin argues that Marquette is liable for reinstatement of maintenance and cure. [DN 33 at 17]. Durbin says he has not reached maximum medical improvement because his back injury has not been as cured as much as possible, and the injury has not been declared permanent in character. *Id.* at 19. Durbin states:

> It is admitted that certain providers have declared Mr. Durbin to have reached MMI from the standpoint of their particular specialty, or that certain aspects of Mr. Durbin's injury are permanent. More importantly though, not one medical provider has "declared" that Mr. Durbin's "incapacity" is of a permanent character, or that he has been "cured" as far as possible.

*Id.* Durbin contends that because further cure of his back injury was possible, he had not reached maximum medical improvement and thus, Marquette was and is still liable for maintenance and cure. *Id.* at 24. Durbin also argues that Marquette should be held liable for attorneys' fees because "Marquette and its counsel were extremely lax in investigating the plaintiff's maintenance claim; and have failed to reinstate maintenance benefits . . . even after the testimony of medical providers . . . clearly establishing the merits of plaintiff's claim." *Id.* at 26.

6

### c. Maintenance and Cure Standards

"Maintenance and cure is [a shipowner's obligation] to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." *Smith v. Omega Protein, Inc.*, 459 F. Supp. 3d 787, 794 (S.D. Miss. 2020) (quoting *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962)) (brackets in original). "Maintenance is a daily stipend for living expenses, whereas cure is the payment of medical expenses." *Id.* (quoting *Meche v. Doucet*, 777 F.3d 237, 244 (5th Cir. 2015)). "Cure involves the payment of therapeutic, medical, and hospital expenses not otherwise furnished to the seaman . . . until the point of 'maximum cure.'" *Id.* (quoting *Barto v. Shore Constr., L.L.C.*, 801 F.3d 465, 476 (5th Cir. 2015)). "Maximum cure occurs 'when it appears probable that further treatment will result in no betterment of the seaman's condition.'" *Id.* (quoting *Barto*, 801 F.3d at 476). "Thus, where it appears that the seaman's condition is incurable, or that future treatment will merely relieve pain and suffering but not otherwise improve the seaman's physical condition, it is proper to declare that the point of maximum cure has been achieved." *Id.* at 796, n.10. "[W]hen a particular medical procedure is merely palliative in nature or serves only to relieve pain and suffering, no duty to provide payments for cure exists." *Barto*, 801 F.3d at 476 (quoting *Johnston v. Tidewater Marine Serv.*, 116 F.3d 478, at *2 (5th Cir. 1997)). "That is, '[w]hen further treatment is merely palliative, rather than curative, a shipowner's obligation to pay maintenance and cure ends.'" *Aadland v. Boat Santa Rita II, Inc.*, No. 17-cv-11248-DJC, 2020 WL 6119926, at *3 (D. Mass. Oct. 16, 2020) (quoting *Silva v. F.V Silver Fox LLC*, 988 F. Supp. 2d 94, 99 (D. Mass. 2013)) (brackets in original). "However, such a determination should be unequivocal to terminate the right to maintenance and cure." *Smith*, 459 F. Supp. 3d at 795 (quoting *Tullos v. Res. Drilling, Inc.*, 750 F.2d 380, 388 (5th Cir. 1985)).

7

"Finally, maximum medical improvement 'is a medical question, not a legal one,' and any 'ambiguities or doubts in the application of the law of maintenance and cure are resolved in favor of the seaman.'" *Giroir v. Cenac Marine Servs., LLC*, No. 18-3595, 2019 WL 2233763, at *3 (E.D. La. May 23, 2019) (quoting *Breese v. Awi, Inc.*, 823 F.2d 100, 104 (5th Cir. 1987)).

"Punitive damages and attorneys' fees may be awarded under general maritime law 'for the willful and wanton disregard of the maintenance and cure obligation.'" *Hurtado v. Balerno Int'l Ltd.*, 408 F.Supp.3d 1315, 1333 (S.D. Fla. 2019) (quoting *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 424 (2009)). Examples of willful disregard may include: "(1) laxness in investigating a claim; (2) termination of benefits in response to the seaman's retention of counsel or refusal of a settlement offer; [and] (3) failure to reinstate benefits after diagnosis of an ailment previously not determined medically." *Id.* (quoting *Hines v. J.A. LaPorte, Inc.*, 820 F.2d 1187, 1190 (11th Cir. 1987)) (brackets in original). "Attorney[s'] fees incurred in order to secure a maintenance and cure award may be recovered only when the failure to provide maintenance and cure is 'arbitrary, recalcitrant or unreasonable.'" *Barnes v. Sea Haw. Rafting, LLC*, 983 F.Supp.2d 1208, 1217-18 (D. Haw. 2013) (quoting *Kopczynski v. The Jacqueline*, 742 F.2d 555, 559 (9th Cir. 1984)). "The failure to pay maintenance and cure due an injured seaman is reasonable if a diligent investigation indicates that the seaman's claim is not documented by the submission of medical reports or his claim is not legitimate." *Snyder v. L & M Botruc Rental, Inc.*, 924 F. Supp. 2d 728, 734 (E.D. La. 2013) (citing *McWilliams v. Texaco, Inc.*, 781 F.2d 514, 518-20 (5th Cir. 1986)).

### d. Discussion

The Court will not grant summary judgment on the maintenance and cure claim. There remains a genuine dispute of material fact between the parties on maximum medical improvement.

Marquette contends that on July 8, 2016, Durbin's doctor determined that Durbin reached maximum medical improvement as to the November 2015 injury. [DN 27 at 4]. Marquette supports this with Dr. Michael Sorensen's Chart Notes. [DN 27-6 at 1] ("At this point since the patient reports he is doing well and working in his job on the boat, he will be designated as maximum medical improvement for the low back injury 11/26/2015."). Marquette also contends that on September 27, 2017, another doctor determined that Durbin reached maximum medical improvement as to the May 2017 injury. [DN 27 at 4]. Marquette supports this with Dr. David Dowling's Statement of Maximum Medical Improvement. [DN 27-9 at 1] ("Nathan Durbin was seen by me initially on May 11, 2017 for a work-related injury of May 2, 2017 . . . He is placed at maximum medical improvement as of today on September 27, 2017 based on the AMA Guides to the Evaluation of Permanent Impairment Sixth Edition Lumbar Spine.").

Durbin contends that he had not reached maximum medical improvement, and the treatments he has received since he stopped working at Marquette are curative, not just palliative. [DN 33 at 16; 21]. ("Dr. James C. Varner, Dr. Samuel R. Schroerlucke, and Dr. Matthew Kangas have all testified and declared that Mr. Durbin has not reached maximum medical improvement/MMI; and that new methods of curative treatment have been recommended to improve Mr. Durbin's condition and functionality."). Durbin points to Dr. James Varner's deposition testimony that the nerve blocks Durbin was receiving merely "treats the inflammatory effects" of Durbin's back injury rather than "fixing or eliminating the actual underlying condition." [DN 33-11 at 6-7]. Durbin also points to Varner's testimony that Durbin's injury "ultimately required surgical intervention." *Id.* at 13. Next, Durbin points to Dr. Matthew Kangas's testimony. [DN 33 at 12]. As Durbin characterizes it: "Dr. Kangas testified that although Mr. Durbin's arthritic changes and surgical scar tissue were permanent, Mr. Durbin would not reach MMI for

treatment of his chronic lumbar radiculopathy for more than a year from November 27, 2019, the date of the radiofrequency ablation or rhizotomy." *Id.* (citing DN 33-31 at 12).

Durbin's right to maintenance and cure turns on whether Durbin's injury reached maximum medical improvement. Whether the injury reached maximum medical improvement depends on the permanency of Durbin's injury and whether Durbin's treatments are curative or merely palliative. These fact issues are material to Durbin's right to recover maintenance and cure, and it appears that the parties agree on few, if any, of them. Because the Court finds that genuine disputes of material fact remain, summary judgment cannot be granted. *See Smith*, 459 F. Supp. 3d at 795 (denying summary judgment where plaintiff offered sworn statement of doctor who testified that plaintiff's injury could have benefited from additional treatment); *Alario v. Offshore Serv. Vessels, LLC*, 477 F. App'x 186, 188 (5th Cir. 2012) (affirming district court's grant of summary where plaintiff had not "provided any medical opinion that further treatment would improve her physical condition or do anything but relieve pain and suffering"); *McKinney v. American River Transp. Co.*, 954 F.Supp.2d 799, 812 (S.D. Ill. 2013) (finding summary judgment was not appropriate where "the record before the Court contains a material fact issue as to when Plaintiff reached MMI"); *Purefoy v. Nat'l Maint. & Repair of Ky., Inc.*, No. 5:07CV-60-R, 2007 WL 3306073, at *2 (W.D. Ky. Nov. 6, 2007) (denying summary judgment where parties disputed whether plaintiff had attained maximum medical improvement); *Dickson v. Nat'l Maint. & Repair of Ky., Inc.*, No. 5:08–CV–00008, 2011 WL 12538613, at *19 (W.D. Ky. Apr. 28, 2011) (denying summary judgment where outstanding genuine and material fact issue remained because it was unclear what improvements would result from recommended future medical treatment). Therefore, Marquette's motion for partial summary judgment as to maintenance and cure is denied.

However, the Court will grant summary judgment to Marquette on Durbin's claim for attorneys' fees. The Court agrees that Marquette's failure to pay maintenance and cure is reasonable, even if it is ultimately determined that maintenance and cure is owed, because there is a genuine dispute regarding maximum medical improvement. Durbin has not pointed to any significant probative evidence that Marquette has exercised willful and wanton disregard for its potential maintenance and cure obligation such as laxness in investigating Durbin's claim, arbitrary denial, or other unreasonably obstinate behavior. The Court finds there is no genuine dispute of material fact on this issue, and therefore, Marquette is entitled to summary judgment. Accordingly, Marquette's motion for partial summary judgment as to attorneys' fees is granted.

## IV. Conclusion

For the reasons stated above:

1. Defendant's Motion for Partial Summary Judgment Regarding Unseaworthiness, [DN 26], is **DENIED**.

2. Defendant's Motion for Partial Summary Judgment Dismissing the Claim for Maintenance and Cure, or, Alternatively, to Dismiss his Claim for Attorneys' Fees, [DN 27], is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

Thomas B. Russell, Senior Judge
United States District Court

March 23, 2021

cc: counsel