UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-cv-00055-TBR

**NATHAN DURBIN**                                                              **PLAINTIFF**

**v.**

**MARQUETTE TRANSPORTATION COMPANY, LLC**                   **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Reconsideration. [DN 41]. Defendant responded. [DN 44]. Plaintiff did not timely reply. As such, this matter is ripe for adjudication. For the reasons stated below, the motion is **DENIED**.

### I. Background

The facts of this case are set out in greater detail in the Court's prior opinion and are therefore only briefly summarized here. [*See* DN 37]. After sustaining an injury while working on one of Defendant Marquette Transportation Company, LLC's (Marquette) ships, Plaintiff Nathan Durbin brought an action under the Jones Act, 26 U.S.C. § 30104 for negligence, and under general maritime law for unseaworthiness and for maintenance and cure. [DN 1]. In August 2020, Marquette filed two motions for summary judgment, one regarding seaworthiness and the other maintenance and cure. [DN 26; DN 27]. In October 2020, Durbin filed a response to Defendant's motions for summary judgment in which Plaintiff included a counter-motion for summary judgement regarding the maintenance and cure. [DN 33]. On March 32, 2021, the Court, without specifically addressing Plaintiff's counter-motion, denied summary judgment as to maintenance and cure because "genuine disputes of material facts remain." [DN 37 at 10]. Durbin now asks the Court to reconsider Plaintiff's motion for reinstatement of maintenance and cure arguing that the Court "inadvertently … did not consider Plaintiff's motion and consequently only ruled on

1

Defendant's motions." [DN 41]. Further, Plaintiff contends that the use of summary judgment in regard to the motion to reinstate maintenance and cure was improper, and that the Court should "order Marquette Transportation Company, LLC to reinstate such payments unless it can provide unequivocal evidence that Mr. Durbin has reached maximum medical cure." *Id.*

## II.     Legal Standard

"The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but district courts have authority to reconsider interlocutory orders under federal common law and Rule 54(b)." *McCormack v. City of Westland*, No. 18-2135, 2019 WL 4757905, at *2 (6th Cir. 2019) (citing *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); Fed. R. Civ. P. 54(b)). "Reconsideration is usually justified when there is an intervening change in controlling law, newly available evidence, or a need to correct a clear error or prevent manifest injustice." *Id.* (citing *Rodriguez*, 89 F. App'x at 959). Alternatively, motions to reconsider may be considered under Rule 59 as motions to alter or amend a judgment. *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565 at *1 (E.D. Tenn. Mar. 20, 2008). The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White*, 2008 WL 782565, at *1 (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted).

As another district court in this Circuit put it, "[w]here a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 WL 2836788, at *1, 2010

U.S. Dist. LEXIS 73664, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted). Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2, 2007 U.S. Dist. LEXIS 29881, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal*, Inc., 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

### III.  Discussion

Plaintiff argues that the Court "incorrectly and inadvertently" failed to address Plaintiff's counter-motion for summary judgment for the reinstatement of payment of maintenance and cure. Because Plaintiff's counter-motion for summary judgment was for one of the same claims as Defendant's motion, it is irrelevant that the Court did not specifically address it. The standard for summary judgment is the same, regardless of which outcome is desired. The Court held that summary judgment was improper because "[t]here remains a genuine dispute of material fact between the parties on maximum medical improvement." [DN 37]. As such, the Court's denial of summary judgment was a denial of both party's motions regarding the maintenance and cure claim.

Under the Sixth Circuit's instructions regarding motions for reconsideration, the Court should only grant the motion if there was a clear error of law, newly discovered evidence, an intervening controlling law, or a need to prevent manifest injustice. *McCormack*, No. 18-2135, 2019 WL 4757905, at *2 (citing *Rodriguez*, 89 F. App'x at 959); *Leisure Caviar, LLC*, 616 F.3d

3

at 615 (quoting *Intera Corp.*, 428 F.3d at 620). Plaintiff has not alleged any newly discovered evidence, intervening controlling law, or a need to prevent manifest injustice. As such, Plaintiff's argument must fall under a clear error of law for reconsideration to apply. Durbin argues that "[w]hen considering Plaintiff's motion to reinstate maintenance and cure, this [C]ourt would err by applying a summary judgment standard." [DN 41 at 4].

Courts in the Sixth Circuit have repeatedly applied the summary judgment standard to motions for maintenance and cure. *See*, *Cunningham v. Interlake S.S. Co.*, 567 F.3d 758 (6th Cir. 2009) ("maintenance and cure could not withstand [Defendant's] motion for summary judgment"); *West v. Midland Enterprises, Inc.*, 227 F.3d 613 (6th Cir. 2000) (affirming the district court's power to grant or deny summary judgment for a maintenance and cure claim); *Gifford v. Am. River Transp. Co.*, 833 F. Supp. 2d 684 (W.D. Ky. 2011) (granting summary judgment for maintenance and cure claim); *Dickson v. Nat'l Maint. & Repair of Kentucky, Inc.*, No. 5:08-CV-00008, 2011 WL 12538613 (W.D. Ky. Apr. 28, 2011) (summary judgment denied after Plaintiff created a genuine issue of material fact regarding his treatment); *Hale v. Excell Marine Corp.*, No. 5:07-CV-102-R, 2008 WL 4443098 (W.D. Ky. Sept. 26, 2008) (granting—as a matter of law—summary judgment for maintenance and cure benefits); *Purefoy v. Nat'l Maint. & Repair of Kentucky, Inc.*, No. 5:07CV-60-R, 2007 WL 3306073 (W.D. Ky. Nov. 6, 2007) (summary judgment denied because plaintiff failed to establish a lack of genuine disputed issues of material fact); *Spencer v. Grand River Navigation Co., Inc.*, No. 15-CV-11468, 2016 WL 9137631 (E.D. Mich. Dec. 8, 2016) (denying summary judgment for a maintenance and cure claim due to the remaining issues of material facts); *Johnson v. Ohio River Co.*, No. CIV.A. 87-4, 1989 WL 38133 (E.D. Ky. Mar. 14, 1989), *rev'd on other grounds*, 902 F.2d 33 (6th Cir. 1990). Therefore, Plaintiff's provided caselaw from different circuits in support of an "unequivocal evidence"

standard required for maintenance and cure claims is unpersuasive. As such, the Court did not commit a clear error and the motion for reconsideration must be denied.

### IV. Conclusion

**IT IS HEREBY ORDERED**, for the reasons stated above, that Plaintiff's Motion for Reconsideration, DN 41, is **DENIED**.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 3, 2021

cc: counsel

5